UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. _____

| | |
|---|---|
| Danielle P. Morreira, | * |
|          Plaintiff | * |
| | * |
| vs. | * |
| | * |
| J. A. Cambece Law Office and | * |
| James A. Cambece, | * |
|          Defendant | * |

*************************************

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and/or statutory damages brought by Plaintiff, Danielle P. Morreira, an individual consumer, against J.A. Cambece Law Office, P.C., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. Section 1692k (d) and 28 U.S.C. Section 1337. Declaratory relief is available pursuant to 28 U.S.C. Sections 2201 and 2002. Venue in this District is proper in that the Defendants maintain a usual place of business in Massachusetts and transact business here. The conduct complained of occurred here.

### III. PARTIES

3. Plaintiff, Danielle P. Morreira, is a resident of 91 Stephanie Place, New Bedford, Massachusetts 02745.

4. Defendant, J.A. Cambece Law Office, P.C. is a Massachusetts Professional Corporation and is engaged in the business of collecting debt in this state with its principal place of business located at 8 Bourbon Street, Peabody, Massachusetts 01960. A principal purpose of Defendant is the collection of debts and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant, J.A. Cambece Law Office, P.C., is engaged in the collection of debts from consumer using the mail and telephone. The Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a (6).

6. The Defendant, James A. Cambece is the attorney who is the principal of J.A. Cambece Law Office, P.C. and as such is personally liable for the professional corporation's debts.

## *IV. FACTUAL ALLEGATIONS*

7. On or about July 24, 2008, the Defendant mailed the Plaintiff a letter, a copy of which is attached hereto and marked "A". The letter sought to collect a consumer debt owed by the Defendant to Jefferson Capital Systems, LLC as assignee of Aspire Visa.

8. On August 4, 2008, in the afternoon, Cambece Law Office, P.C. left a message on the Plaintiff's home answering machine. The Plaintiff returned the phone call that evening from home but the office was closed.

9. The next day, the Plaintiff called Cambece Law Office, P.C. from her work. The Plaintiff is employed as a secretary/receptionist for the Massachusetts Department of Corrections. She attempted to make payment arrangements. She was told that the creditor was not interested in payment arrangements and wanted the amount paid in full. At this point a manager, who the Plaintiff believes identified himself as Brian Lavange, came to the telephone. He informed the Plaintiff that unless she paid in full he would be taking further action and that he would be noting that the Plaintiff was refusing to pay the bill. The Plaintiff responded that she could not come up with one big sum. She informed Mr. Lavange that she needed time to review her finances. He then became very upset and informed the Plaintiff again that the creditor would be taking some further unspecified action. The Plaintiff who was now frightened by the aggressive tactics said she would go over her finances and call back in an hour. Mr. Lavange asked for her work number. At this point, the Plaintiff told Mr. Lavange she could not receive personal calls at work, but she would call him back when she was able to.

10. Within an hour, the Plaintiff received a telephone call from Mr. Lavange while she was at work. He offered the Plaintiff a settlement and the Plaintiff again said she needed to look at her budget and get back to him. Mr. Lavange asked her to confirm that the Plaintiff worked at the Massachusetts Department of Corrections. The Plaintiff again indicated she would call back and for him not to call her at work.

11. At around 2:30 p.m. on the same day, the first person she spoke to called the Plaintiff again at work. She again told the woman from Cambece Law Office, P.C. that she could not receive personal calls at work. She indicated that she would call back in the evening when she could speak more fully. Mr. Lavange who came on the phone said he could not wait. He again threatened her with unspecified further action.

12. The next morning as soon as the Plaintiff arrived at work Mr. Lavange from Cambece Law Office P.C. called her again.

13. On August 20, 2007, counsel for the Plaintiff wrote to Cambece Law Office, P.C. advising the Defendant that the Plaintiff was represented by counsel. A copy of the letter which was sent by certified mail and regular mail is attached hereto and marked "B". The green postal receipt is attached hereto and marked "C", which indicates receipt on August 22, 2008.

14. After receipt of the letter of representation, on or about September 9, 2008, a representative of Cambece Law Office P.C. again called the Plaintiff at work seeking to collect the Aspire bill.

## *V. CLAIM FOR RELIEF*

15. Plaintiff repeats and realleges and incorporates by reference paragraphs 1 through 14.

16. The Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    a. The Defendant violated 15 USC Section 1692c (a) (1) by contacting the Plaintiff at her place of employment.

    b. The Defendant violated 940
    c. CMR Section 7.04 (1) (h) by calling the Plaintiff at her place of employment after being orally told not to call her at work.

    d. The Defendant further violated 940 CMR Section 7.04 (1) (h) by calling the Plaintiff at work after the written notice of August 20, 2008.

    e. The Defendant violated 15 USC Section 1692 (c) and 940 CMR 7.04 (2) by contacting the Plaintiff after notification of representation by an attorney.

    f. The violation of the Code of Massachusetts Regulations is a violation of 11 USC Section 1692f.

17. As a result of the foregoing violations of the FDCPA, the Defendants are liable to the Plaintiff, Danielle P. Morreira, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney's fees.

Wherefore, Plaintiff, Danielle P. Morreira, respectfully requests that judgment be entered against the Defendants, J.A. Cambece Law Office, PC and James A. Cambece, for the following:

1. Declaratory judgment that Defendant's conduct violated the FDCPA;

2. Actual damages;

3. Statutory damages pursuant to U.S.C. Section 1692k;

4. Costs and reasonable attorney's fees pursuant to 15 U.S.C. Section 1692k; and
5. For such other and further relief as the Court may deem just and proper.

## *DEMAND FOR JURY TRIAL*

Please take notice that Plaintiff, Danielle P. Morreira, demands trial by jury in this action.

Danielle P. Morreira
By her Attorney,

Dated: September 25, 2008

/s/ Roger Stanford
Roger Stanford, Esq.
STANFORD & SCHALL
100 Eighth Street
New Bedford, MA 02740
(508) 994-3393
BBO#: 476600



**J. A. CAMBECE LAW OFFICE, P.C.**
Attorneys at Law

" A "

*Main Office/Return Mail Service:*
Eight Bourbon Street
Peabody, Massachusetts 01960

*Satellite Offices:*
199 Rosewood Drive, Suite 110
Danvers, MA 01923

800 Turnpike Street, Suite 201
North Andover, MA 01845

JULY   24TH, 2008

DANIELLE P MOREIRA
91 STEPHANIE PL
NEW BEDFORD MA 02745-1952

| | | |
|---|---|---|
| RE: | CREDITOR: | JEFFERSON CAPITAL SYSTEMS, LLC |
| | YOUR ACCOUNT NUMBER: | 15043047080706747 |
| | ORIGINAL CREDITOR: | ASPIRE VISA |
| | ORIGINAL ACCOUNT NUMBER: | 4106360017231799 |
| | CURRENT BALANCE: | $1,119.79 |

DEAR DANIELLE P MOREIRA:

This office is a debt collector and has been retained to collect the debt owed by you to JEFFERSON CAPITAL SYSTEMS, LLC. This is a demand for payment of your outstanding obligation.

At this time, an attorney with this firm may not have personally reviewed the particular circumstances of your account. However, if you fail to contact this office our client may choose to request an attorney review of your file.

Unless, within thirty days after receipt of this notice, you dispute the validity of the debt or any portion thereof, this firm will assume the debt to be valid. If, within thirty days of your receipt of this notice, you notify us in writing that the debt or any portion thereof is disputed, we will obtain a verification of the debt or, if the debt is founded upon a judgment, a copy of such judgment, and we will cease all collection activities until we provide you with verification, and we will mail to you a copy of such verification or judgment. If the original creditor is different from the creditor named above, then upon your written request within thirty days of the receipt of this notice we will provide you with the name and address of the original creditor.

If you are represented in this matter by an attorney, please give us the name, address and phone number of your attorney so that we may communicate with your attorney rather than you.

Please call our office toll free at 1-888-535-6161, and our fax number is 978-535-7070. Our office is usually open from 9 until 6 EST, Monday through Friday.

Thank you for your attention to this matter.
Yours truly,

*J.A. Cambece Law Office, P.C.*

A47   **If you have a complaint about one of our staff, please call our complaint hotline 866-200-9339.**

This communication is from a debt collector. We are attempting to collect a debt, and any information obtained will be used for that purpose.
SEE THE REVERSE SIDE FOR REQUIRED STATE COMPLIANCE INFORMATION.

# STANFORD & SCHALL

## ATTORNEYS AT LAW

"B"

ROGER STANFORD
IRENE B. SCHALL

August 20, 2008

<u>*VIA REGULAR AND CERTIFIED MAIL, RETURN RECEIPT*</u>

J.A. Cambece Law Office, PC
Eight Bourbon Street
Peabody, MA 01960

<u>RE:</u>   <u>*Danielle P. Moreira*</u>
        <u>*Original Creditor: Aspire Visa*</u>

Dear Sir/Madam:

This is to advise you that I represent Danielle Moreira. On July 24, 2008, Cambece Law Office, PC wrote to my client seeking to collect what appears to be a consumer credit card debt. A copy of the letter of July 24, 2008 is enclosed.

On August 4, 2008, in the afternoon, Cambece Law Office left a message on my client's home answering machine. My client returned the phone call that evening from home but the office was closed.

The next day, my client called Cambece Law Office from her work. She is employed as a secretary/receptionist for the Department of Corrections. She attempted to make payment arrangements. She was told that the creditor was not interested in payment arrangements and wanted the amount paid in full. At this point a manager, who my client believes identified himself as Brian Lavange, came to the telephone. He informed my client that unless she paid in full he would be taking further action and that he would be noting that my client was refusing to pay the bill. My client responded that she could not come up with one big sum. She informed Mr. Lavange that she needed time to review her finances. He then became very upset and informed my client again that the creditor would be taking some further unspecified action. My

J.A. Cambece Law Office, PC
August 20, 2008
Page 2

client who was now frightened by the aggressive tactics said she would go over her finances and call back in an hour. Mr. Lavange asked for her work number. At this point she told him she could not receive personal calls at work, but she would call him when she was able to.

Within an hour my client received a phone call from Mr. Lavange while she was at work. He offered her a settlement of $700.00 and my client again said she needed to look at her budget and get back to him. He asked her to confirm that she worked at the Department of Corrections. She again indicated she would call back and for him not to call her.

At around 2:30 p.m. on the same day the first person she spoke to called her again. She again told the woman from Cambece Law Office that she could not receive personal calls at work. She indicated that she would call back in the evening when she could speak more fully. Mr. Lavange who came on the phone said he could not wait. He again threatened her with unspecified further action.

The next morning as soon as my client arrived at work Mr. Lavange called her again.

The conduct of Cambece Law Offices in contacting her at work is a violation of the Fair Debt Collection Practices Act. As indicated on the reverse of the initial letter to my client, Massachusetts precludes a bill collector from calling a person at their place of employment. Further, 11 USC Section 1692 (c) (a) (3) restricts the ability of a debt collector to call a consumer at work when the bill collector "knows or has reason to know" the employer prohibits such conduct.

Putting aside the unspecified treats and demanding nature of the calls, the fact that Cambece Law Office made at least three calls in two days to my client while she was at work violates the statute.

My client is prepared to file suit, however we propose a settlement of $1,000.00 from Cambece Law Office. The settlement will not impact Aspire or its assigns claim against Ms. Moreira.

Very truly yours,

ROGER STANFORD

RS/mc
Enclosure
pc:   Ms. Danielle Moreira

"C"

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature [signed] ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)    C. Date of Delivery 8/22/0 |
| 1. Article Addressed to:<br><br>J.A. Cambece Law Office, PC<br>8 Bourbon Street<br>Peabody, MA 01960 | D. Is delivery address different from item 1? ☐ Yes<br>   If YES, enter delivery address below:  ☐ No |
| | 3. Service Type<br>☐ Certified Mail  ☐ Express Mail<br>☐ Registered   ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number (Transfer from service label)  7007 1490 0000 4784 6485 | |
| PS Form 3811, February 2004   Domestic Return Receipt   08-177  102595-02-M-1540 | |

UNITED STATES POSTAL SERVICE

[postmark: MA 019, 22 AUG 2008 PM]

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Stanford & Schall
100 Eighth Street
New Bedford, MA 02740